# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FAIR HOUSING JUSTICE CENTER, INC.

## DEFENDANTS
Brooklyn Boulevard ALP LLC; Queens Boulevard ALP, LLC, Louisiana Purchase LLC, Boulevard ALP Associates LLC, Marx Development Group, LLC, David Marx, and Frances Marx

**(b)** County of Residence of First Listed Plaintiff: **Queens**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Kings**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eisenberg and Baum, LLP, 24 Union Square East, PH
New York, New York 10003, 212-353-8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*
(Not applicable)

## IV. NATURE OF SUIT
[X] 443 Housing/Accommodations

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 3604

Brief description of cause:
Violations of the Fair Housing Act, the Rehabilitation Act, the New York State Human Rights Law, and the New York City Human Rights Law

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/05/2025
SIGNATURE OF ATTORNEY OF RECORD: David John Hommel

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __David John Hommel__, counsel for __Plaintiff__, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☑ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

None

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☑ No
2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☑ No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☑ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☑ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☑ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☑ No

(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain)   ☑ No

I certify the accuracy of all information provided above.

Signature: __David John Hommel__  Digitally signed by David John Hommel
Date: 2025.03.05 13:19:50 -05'00'